IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 2, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

BILL JENNINGS                    )    SULLIVAN COUNTY
                                 )    03A01-9803-CV-00111
        Plaintiff-Appellant      )
                                 )
                                 )
        v.                       )    HON. RICHARD E. LADD,
                                 )    JUDGE
                                 )
LAWLER-WOOD, INC.                )
                                 )
        Defendant-Appellee       )    AFFIRMED AND REMANDED

DAVID W. BLANKENSHIP OF KINGSPORT FOR APPELLANT

GENE H. TUNNELL OF KINGSPORT FOR APPELLEE

O P I N I O N

Goddard, P.J.

        The controversy giving rise to this appeal had its

genesis in a service contract for washers and dryers entered into

between Plaintiff Bill Jennings and Defendant Lawler-Wood, Inc.,

which managed Maple-Oak apartments for the owners.

        The suit alleges a breach of contract by Lawler-Wood

and seeks damages therefor.

The Trial Court found that Mr. Jennings himself had breached the contract in a material way and dismissed his suit.

He appeals, raising the following issue:

1.    Did the Court [err] in granting judgment to the defendant in this contract action and abuse its discretion in failing to correctly interpret the contract between the parties that was the basis of this civil action?

The parties earlier had entered into a 10-year contract and, at the expiration thereof, a similar eight-year contract which Mr. Jennings alleged was likewise renewed and Lawler-Wood insists was not.

The second contract, which was for a period of eight years, was entered into in February 1989, with an inception date of March 1, 1989.  In May 1994, a representative of Lawler-Wood wrote Mr. Jennings advising him that upon his complying with ADA requirements by the installation of a washer and dryer that "[W]e will renew our contract upon its expiration based on the understanding that the terms and conditions of our existing agreement will remain the same as in the renewal agreement."

The provisions of the February 1989 agreement, which are pertinent to this appeal, are as follows:

(a) To service above equipment and keep same in good repair at its own expense during the term of this

contract and to remove equipment for shop repairs if necessary.

. . . .

(f) Owner has right to cancel contract if service is not at acceptable level and Service Contractor has had notification to correct defciencies (sic) within 30 days and has not done so.

Subsequent to the letter of Lawler-Wood regarding renewal, considerable difficulty was experienced with regard to the maintenance of the washers and dryers, which ultimately resulted in a letter dated February 3, 1997, to Mr. Jennings advising him that the contract would not be renewed.

With regard to the factual dispute between the parties, the Trial Court made the following finding:

THE COURT: I find for the Defendant. The basis that the contract is filed in this case as Exhibit 1 was fulfilled by the Defendant here. And the question is whether a breach of the extension or renewal contract was breached by the Defendant. And the memo supporting the renewal of the existing contract is contained in Exhibit 2, the memo to Mr. Jennings, the Plaintiff and Mr. Peterson, a representative of the Defendant. And it was valuable consideration for this that Mr. Peterson stated to Mr. Jennings that they would renew the contract if Mr. Jennings would install a washer and dryer that complies with ADA requirements. Mr. Jennings did this. However, I find under the proof that the two long lasting problems that were never solved by Mr. Jennings, whether it be within 30 days or two or three years, repeated problems with washing machines leaking. Now, I find under the contract that hadn't come under the 12-hour service. The 12-hour service 9:00 to 9:00 is so that tenants can call if a machine is not working or fails to give change and so forth. Obviously the machine leaking water into this apartment building couldn't wait 12 hours. And the proof is clear here that several times it lasted for several days. Even after the letter of November 11th,

3

which is Exhibit 4, the problem is not corrected. Even with the additional telephone number, the uncontroverted proof is he attempted to call that number and got no response either. And the contract, Exhibit 1, does not require 30 days' notice of failure to renew the contract. What it does, it gives the Plaintiff 30 days after notification to cure a problem. And the two problems were never cured; the leaking of the machines and the machines that didn't give service when the tenants of the apartment building put the money in. So I find that there was adequate grounds for the Defendant to declare a breach of contract and they're not bound to renew it.

Our reading of the record persuades us that the evidence does not preponderate against the foregoing findings of fact.

Mr. Jennings, however, insists that in light of the provision of the contract hereinbefore quoted, he had 30 days after the notice to remedy any defect with regard to the contract. While as a general rule this might be true, we do not conceive that in emergency situations such as pipes bursting and the wash room flooding, Lawler-Wood must wait 30 days for repairs to be made. Indeed, Mr. Jennings recognized this was not the case in the following testimony he gave on cross-examination:

Q. Would you call it an emergency, Mr. Jennings, if a washer is leaking and leaking to the extent that it's onto the floor, and the washer and dryers being on the second floor, overflows down into a floor below? Would that be an emergency -- something that would require attention?

A. Yes.

Q. And you say that never existed prior to October/November '97 -- '96, excuse me.

4

A.    It's possible it did a time or two.

Q.    A time or two?

A.    Uh-huh (Affirmative).

Q.    But that would be an emergency that the owner and the maintainer and the servicer of those machines should give prompt attention to, should it not?

A.    Right.

Q.    You'll agree with that?

A.    Right.


As already noted, we concur in the Trial Court's finding that Mr. Jennings had breached the contract, justifying Lawler-Wood rescinding its offer to renew.


For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below.  Costs of appeal are adjudged against Mr. Jennings and his surety.


_____
Houston M. Goddard, P.J.

5

CONCUR:


_____
Herschel P. Franks, J.



   (Not Participating)
Don T. McMurray, J.